U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

AUG 17 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| E.N. GEORGES | CIVIL ACTION NO: 06-1676 |
| VERSUS | JUDGE DONALD E. WALTER |
| KROGER TEXAS, L.P. AND THE KROGER COMPANY | MAGISTRATE HORNSBY |

## MEMORANDUM RULING

Before the Court is Defendants' Motion for Summary Judgment. See Record Doc. #9. Plaintiff opposes this motion. See Record Doc. #13. For the reasons set forth below, Defendants' Motion is hereby **GRANTED**. All claims against Defendants are hereby **DISMISSED WITH PREJUDICE**.

## BACKGROUND FACTS[1]

Plaintiff, Elizabeth Georges ("Georges"), brings this cause of action against the Defendants, Kroger Texas, L.P. and The Kroger Company ("Kroger"), alleging that Kroger's negligence caused her to slip and fall on the bathroom floor of a Kroger grocery store located in Shreveport, Louisiana, on September 7, 2005. See Complaint at ¶ 2-5. Georges entered the bathroom in question around 8:00 p.m. and claims that she saw a cleaning cart in the restroom, but did not see yellow warning signs that would alert customers that the floor was wet. See

---

[1] The Court notes that Defendants filed a Motion to Strike portions of Georges' affidavit and two exhibits submitted by Plaintiff in her opposition. See Record Doc. #15. For the purposes of analyzing Defendants' Motion for Summary Judgment, the Court has examined the attachments to Plaintiff's opposition as if they were admissible. If this case had proceeded to trial, any portion of the affidavit that conflicted with trial testimony would have been stricken from the record.

1

Record Doc. #13 & 21, Georges Affidavit. Georges used the facilities in the first bathroom stall. See id. As she stepped forward out of the stall, she slipped. See id. Georges asserts that she fell to the floor, hitting her lower back and buttocks on the floor, and her head and shoulders on the side of the bathroom stall. See id. Georges claims that she remained on the bathroom floor for fifteen to twenty minutes, and that her clothes became soaked with water. See id. Georges states that while on the floor, she noticed standing water in the adjacent stall around a floor drain. See id.

It is undisputed that Georges did not observe a foreign substance on the floor prior to her fall. See Record Doc. #9, Deposition of Elizabeth Georges at 26-27; Defendants' Statement of Uncontested Facts ¶ 3. It also appears that Georges does not know how long the substance had been on the floor prior to her fall. See Record Doc. #9, Deposition of Elizabeth Georges at 28, 31; Defendants' Statement of Uncontested Facts ¶ 4.

Georges claims that she has long-term medical injuries from her fall, and has damage to her head, shoulder, lower back, and legs. See Complaint at ¶ 6.

Plaintiff filed suit against Defendants on August 31, 2006, in the First Judicial District Court in Caddo Parish. See Record Doc. #1. On September 28, 2006, Defendants filed a notice of removal, and this case was removed on October 3, 2006. See Record Docs. #3 & 8. Defendants filed a Motion for Summary Judgment, seeking the dismissal of all claims made by the Plaintiff. See Record Doc. #9.

## SUMMARY JUDGMENT STANDARD

Under Fed. R. Civ. P. 56 (c), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for either party. Id. The court must "review the facts drawing all references most favorable to the party opposing the motion." Reid v. State Farm Mutual Auto Insurance Co., 784 F.2d 577, 578 (5th Cir. 1986).

The moving party bears the initial responsibility of informing the court of the basis for its motion, and identifying those parts of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Lawrence v. Univ. of Tex. Med. Branch at Galveston, 163 F.3d 309 (5th Cir. 1999). The moving party need not produce evidence to negate the elements of the non-moving party's case, but need only point out the absence of evidence supporting the non-moving party's case. Celotex Corp., 477 U.S. at 325; Lawrence, 163 F.3d at 311.

Once the moving party carries its initial burden, the burden then falls upon the non-moving party to demonstrate the existence of a genuine issue of material fact. Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 1355-56 (1986). This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory or unsubstantiated allegations, or by a mere scintilla of evidence. Little v. Liquid Air. Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). The non-moving party "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted).

Pursuant to Local Rule 56.1, the moving party shall file a short and concise statement of the material facts as to which it contends there is no genuine issue to be tried. Local Rule 56.2 requires that a party opposing the motion for summary judgment set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." Local Rule 56.2.

## LAW AND ANALYSIS

Negligence actions against merchants for damages resulting from injuries sustained in a slip and fall accident are governed by Louisiana Revised Statute 9:2800.6. Kennedy v. Wal-Mart Stores, Inc., 733 So.2d 1180 (La. 1999). "A merchant owes a duty to persons who use his premises to exercise reasonable care to keep the premises free of any hazardous conditions which reasonably might give rise to damage." LRS 9:2800.6(A).

Louisiana Revised Statute 9:2800.6(B) places the burden of proof squarely on the Plaintiff in all negligence claims "brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises." La. R.S. 9:2800.6(B). In such cases, the Plaintiff has the burden of proving all of the following:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable

care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

La. R.S. 9:2800.6(B).

For the purposes of analysis on this Motion for Summary Judgment, the Court will assume that Plaintiff has met her burden of proof as to section 2800.6(B)(1), that the condition, i.e. water on the bathroom floor, presented an unreasonable risk of harm and was reasonably foreseeable. The Court will now analyze the second element of 2800.6(B)(2), whether Kroger either created the condition or had actual or constructive notice of the condition that caused the damage prior to the occurrence.

This Court finds that Georges has failed to provide competent summary judgment evidence to support her suggestion that Kroger created the condition. Plaintiff argues in her brief that the condition was likely created by Kroger because a cleaning cart was in the bathroom and no yellow caution signs were present to warn patrons that the floor was wet. See Record Doc. #13, Plaintiff's Opposition at 3. Further, Plaintiff asserts that she does not with 100% certainty know where the water came from, but she assumes that it came from cleaning the floor because the cleaning cart was present in the restroom. See id. Plaintiff argues that the Court may make a reasonable inference that Kroger created the condition due to the presence of the cleaning cart and the alleged failure of the Kroger store manager to deny that the bathroom floor was wet. See id.

Plaintiff has offered no evidence to support her contention that Kroger created the condition by mopping the floor. "To avoid summary judgment motion, mere speculation or suggestion is not enough to meet the stringent burden imposed upon Plaintiff by La. R.S.

5

9:2800.6." Robinson v. Brookshires #26, 769 So.2d 639 (La. App. 2d Cir. 2000). Plaintiff's speculation as to how the water came to be on the floor is insufficient to meet her burden.

This Court finds that Plaintiff has failed to provide competent summary judgment evidence to support her contention that even if Kroger did not create the condition, Kroger had constructive notice of the condition. Section 9:2800.6 provides a definition of "constructive notice," which is defined as follows:

> (C)(1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

La. R.S. 9:2800.6(C)(1).

The leading case on the interpretation of La. R.S. 9:2800.6 by the Louisiana Supreme Court is White v. Wal-Mart Stores, Inc., 699 So.2d 1081 (La. 1997). In White, the Court began its analysis be stating that La. R.S. 9:2800.6 is "clear and unambiguous" and uses the mandatory term "shall," requiring a claimant to prove each of the enumerated requirements of section B. White, 699 So.2d at 1083. The Court continued by stating that the definition of "constructive notice" is also clear and unambiguous, and contains a temporal element that requires the claimant to make a positive showing of the existence of the condition prior to the fall. Id. Conversely, the merchant is under no obligation to make a positive showing of the absence of the condition prior to the fall. Id.

A bright line rule does not exist for the duration of the condition prior to the fall; however, there is a requirement imposed upon the plaintiff to show that the condition existed for

6

some time period prior to the fall. <u>Id.</u> at 1084-1085. The time period need not be specific, but if a plaintiff merely shows that the condition existed, without any additional evidence showing that it existed for "some" period of time, her burden has not been satisfied. <u>See</u> <u>Kennedy,</u> 733 So.2d at 1188. Speculation by the Plaintiff that the condition may have existed for some period of time prior to her fall is insufficient to make a positive showing that the condition did in fact exist for some period of time prior to her fall. <u>See</u> <u>Badin v. Winn-Dixie Louisiana, Inc.</u> 764 So.2d 37, 40 (La. 2000).

    The facts of the present case are similar to those found in <u>Rogers v. Wal-Mart,</u> 6 F.Supp.2d 560 (E.D. La. 1998). Mr. Rogers claimed that he was using the restroom in his local Wal-Mart store when he suddenly and without warning slipped and fell due to urine that had accumulated by the urinal in the restroom. <u>Id.</u> at 561. Mr. Rogers was the only person in the restroom at the time of his fall, and he did not observe anyone coming or going from the restroom either prior to or after his fall. <u>Id.</u> at 563. At his deposition, Mr. Rogers stated he did not notice any substance on the floor prior to his fall, and only noticed the liquid on the floor after he fell. <u>Id.</u> at 563-564. The Court also noted that Rogers offered no testimony of a Wal-Mart employee or any other person who might have seen the liquid on the floor prior to the fall. <u>Id.</u> at 565. For these reasons, the Court declined to find constructive notice without a showing of a temporal element. <u>Id.</u> The Court granted summary judgment in favor of Wal-Mart stating that Rogers could not show that a Wal-Mart employee created the condition on the floor, or that the alleged condition was on the floor for such a period of time that Wal-Mart should have discovered it in the exercise of reasonable care. <u>Id.</u> at 561.

    Relying on <u>Ceasar v. Wal-Mart Stores, Inc.,</u> 787 So.2d 582, 585 (La. App. 3d Cir.

2001)(cert denied), Plaintiff argues that if a reasonable inference may be drawn from the circumstantial evidence presented, that it was more probable than not that a spill on a floor existed for some period of time prior to the accident, the Court may conclude that the store had constructive notice. See Record Doc. #13, Plaintiff's Opposition at 6.

This Court notes that the decision in Ceasar may be a more liberal interpretation of the Louisiana Supreme Court's holding in White, which put the burden squarely on the plaintiff to make a positive showing that the condition existed for some period of time. This Court is obliged to interpret state law as declared by the highest court of a given jurisdiction. However, in an abundance of caution, the Court notes that even under the logic of the Ceasar case, Plaintiff has still failed to meet her burden.

The facts in the present cause of action are distinguishable from those in Ceasar. Ms. Ceasar slipped and fell in a small amount of shampoo on the floor of an aisle at her local Wal-Mart store. Ceasar, 787 So.2d at 584. The Louisiana Third Circuit Court of Appeals found that Plaintiff met her burden of proof based on the following circumstantial evidence: (1) employees were stocking merchandise in the area where the spill occurred, (2) the manager was unsure of the last time the area was checked, (3) the employee assigned to check the area was unsure of the last time the aisle had been checked or whether the regular floor maintenance employee had cleaned the area, and (4) another employee had walked down the aisle in question thirty minutes prior to the incident and did not observe a spill. Id. at 586. The Court found that one could infer that the spill had been on the floor for at least thirty minutes, and that under the circumstances, the substance was on the floor for such a period of time that it should have been discovered if Wal-Mart had exercised reasonable care. Id.

8

The precedent relied upon by the Louisiana Third Circuit Court of Appeals in Ceasar was set forth in Broussard v. Wal-Mart Stores, Inc., 741 So.2d 65, (La. App. 3 Cir., 1999)(cert denied); thus a review of the facts and evidence presented in Broussard is appropriate. Ms. Broussard was shopping in a Wal-Mart store in Crowley, Louisiana, when she slipped on spilled dishwashing detergent in the household chemicals department. Id. at 66. The circumstantial evidence presented was as follows: (1) pictures taken by a Wal-Mart employee of the spilled liquid showing that the spill became elongated and spread over three to four floor tiles over time, (2) the spill was in one of the busiest departments of the store, (3) an employee was not assigned to work in the household chemicals department, and (4) one of the employees responsible for making sweeps of the floors was on vacation. Id. at 69. The Court relied on this evidence to find that Plaintiff had satisfied her burden of proving that the condition had existed for some period of time, noting that while no eyewitness could establish when the spill occurred, that the totality of the circumstances established that the spill was on the floor for a sufficient amount of time that it would have been discovered if Wal-Mart had exercised reasonable care. Id. at 70.

In both Ceasar and Broussard the Court relied on evidence that indicated that the condition existed for some period of time in connection with additional circumstantial evidence to suggest that the merchant would have discovered the condition if they had exercised reasonable care. In Ceasar, evidence was presented to suggest that numerous employees were in the area of the hazardous condition and should have had the opportunity to observe and correct the condition. In Broussard, evidence was presented to suggest that the spill had been on the floor long enough to spread over several floor tiles, that Wal-Mart failed to assign employees to sufficiently monitor the area that was known to be a high traffic department, and that a

9

combination of the two suggested that Wal-Mart would have discovered the hazard if it had exercised reasonable care.

The instant case is distinguishable from Ceasar and Broussard, primarily due to the lack of direct or circumstantial evidence. A review of the evidence, viewed in a light most favorable to the plaintiff, is insufficient to establish that the water existed for some amount of time prior to Plaintiff's fall. Further, the evidence is insufficient to allow even an inference of constructive notice.

The only evidence presented to the Court for consideration are an affidavit from the Plaintiff, an affidavit from the Kroger store manager, and Plaintiff's deposition testimony. Plaintiff asserts that she had the opportunity to observe the bathroom door from the check-out line and that she did not observe a Kroger employee enter the restroom for ten to fifteen minutes prior to when she entered the restroom. See Record Doc. #13 & 21, Georges Affidavit. Plaintiff then claims that she used the facilities for several minutes, and that after falling she remained on the floor for fifteen to twenty minutes. See id. Plaintiff asserts that she never witnessed a Kroger employee enter the restroom before her fall, after her fall, or after she reported her fall to the store manager. See id. Debbie Miles, manager of the Kroger store, stated in her affidavit that she had entered the restroom ten minutes before the fall, and that she did not observe liquid of any kind on the floor. See Record Doc. # 9, Miles Affidavit.

This evidence is simply insufficient to establish that the water existed on the floor for such an amount of time that Kroger unreasonably failed to correct the hazard. No evidence is available to suggest how long the water was on the floor prior to the fall. No evidence is offered to suggest that Kroger acted unreasonably. Plaintiff has failed to provide a statement from

anyone else who may have been present in the store the evening of her accident. Further, no evidence has been presented to suggest that the condition existed for such a period of time that Kroger would have discovered the condition if it had exercised reasonable care.

While the Court notes that there may be a factual issue as to whether the manager in fact entered the restroom shortly before the fall, this issue is not material to the outcome of the case. If the Court assumes that the manager did not enter the restroom, this does not change the conclusion that Plaintiff has not established that the water was on the floor for some period of time prior to her fall. No evidence is offered to show how long the water was on the floor, only speculation. If the Court assumes that the store manager did enter the restroom ten minutes prior to Plaintiff's fall, this does not change the analysis. The store manager has sworn that she did not see any liquid of any kind on the floor. Even if the water appeared after the manager was in the restroom, Plaintiff has still failed to establish that the water was on the floor for some period of time before her fall, or that Kroger failed to exercise reasonable care by not noticing and correcting the condition.

For these reasons, this Court finds that Plaintiff has failed to establish that Kroger either created the condition or had actual or constructive notice of the condition prior to her fall. Because Plaintiff cannot satisfy her burden of proof as required by Louisiana Revised Statute 9:2800.6, Defendants' Motion for summary judgment must be granted. See Jones v. Brookshire Grocery Co., 847 So.2d 43, 49 (La. App. 2 Cir. 2003) (stating that failure to prove any of the required elements of section 9:2800.6(B) will prove fatal to a plaintiff's claim.) Because the Plaintiff cannot meet her burden of proof as to section 2800.6(B)(2)'s temporal element requirement, the Court does not reach the issue of whether Kroger failed to exercise reasonable

11

care under section 2800.6(B)(3).

## CONCLUSION

For the reasons assigned herein, Defendants' Motion for Summary Judgment is hereby **GRANTED**. All claims by Plaintiff are hereby **DISMISSED WITH PREJUDICE**.

A judgment consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DATED AND SIGNED**, at Shreveport, Louisiana, this 10th day of August, 2007.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE